# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LUCY DUQUETTE,
                Appellant,

        v.

DEPARTMENT OF THE TREASURY,
                Agency.

DOCKET NUMBER
AT-3443-16-0257-I-1

DATE: June 23, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lucy Duquette, Atlanta, Georgia, pro se.

Jessica Rice, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal of a denial of a within-grade increase (WIGI) for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. For the reasons discussed below, we VACATE the initial decision regarding the enforcement language, and AFFIRM the initial decision in all other respects. Except as expressly indicated in this Final Order, the initial decision of the administrative judge is the Board's final decision.

## BACKGROUND

¶2    The appellant holds the position of an IR-01 Program Manager. Initial Appeal File (IAF), Tab 1 at 1, Tab 9 at 8.[2] On December 14, 2015, the agency issued her a performance appraisal for Fiscal Year 2015, rating her summary evaluation as "Met." IAF, Tab 1 at 8. She grieved her performance appraisal to the agency's Consolidated Performance Review Board (CPRB), which upheld the summary evaluation rating. *Id.* The CPRB stated that its decision was "final, binding and not subject to further review." *Id.*

¶3    The appellant filed an appeal with the Board and attached the CPRB's decision. *Id.* at 1-5, 8. On the initial appeal form, she indicated that she was appealing the denial of a WIGI, and she requested a hearing. *Id.* at 2‑3. Specifically, because of her low summary evaluation rating, she argued that she

---

[2] "IR" stands for Internal Revenue, which is the designation for the agency's Payband System. IAF, Tab 4 at 8.

was denied a performance‑based increase (PBI).[3] *Id.* at 5. She also alleged that the agency unfairly rated her because she previously had claimed a hostile work environment and requested a climate assessment. *Id.*

¶4 The administrative judge issued a jurisdictional order in which she apprised the appellant of her burden of proving the Board's jurisdiction over her appeal. IAF, Tab 7 at 1. The administrative judge informed the appellant that, to the extent she was attempting to appeal her performance rating, the Board generally does not have jurisdiction over performance ratings. *Id.* She also told the appellant that, to appeal a denial of a WIGI, she had to submit a copy of the agency's reconsideration decision denying her a WIGI. *Id.* The administrative judge then ordered the appellant to submit evidence and argument on the jurisdictional issue. *Id.* The appellant filed several jurisdictional responses. IAF, Tabs 4-5, 8, 10, 12. The agency responded and moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 9 at 4‑5.

¶5 Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 13, Initial Decision (ID) at 1, 3. Specifically, she found that the Board lacked the jurisdiction to determine whether the appellant should have received a higher performance rating. ID at 2. She also found that the appellant could not assert jurisdiction over a denial of a WIGI under 5 U.S.C. § 5335(c) because the provision applies to General Schedule (GS) employees and does not apply to employees subject to PBIs. ID at 2-3. She further found that the appellant, as an employee of the agency's Internal Revenue Service (IRS), was prohibited under 5 U.S.C. § 9508(d)(2) from appealing the denial of a periodic step increase to the Board. *Id.*

---

[3] A PBI is a permanent increase to an employee's base pay and is based on a summary evaluation rating. IAF, Tab 4 at 8. It is in lieu of a WIGI and other pay increases under the General Schedule system. *Id.* An employee who occupies an IR payband position and receives a certain summary evaluation rating is eligible for a PBI. *Id.*

¶6      The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3. The appellant has filed a reply to the agency's response. PFR File, Tab 4.[4]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence.[5] 5 C.F.R. § 1201.56(b)(2)(i)(A). If an appellant makes a nonfrivolous allegation[6] of Board jurisdiction over an appeal, she is entitled to a hearing on the jurisdictional question. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc).

¶8      As the administrative judge properly found, the appellant failed to make a nonfrivolous allegation of the Board's jurisdiction over her appeal under 5 U.S.C. § 5335(c). ID at 2-3; *see, e.g.*, *Monser v. Department of the Army*, 67 M.S.P.R. 477, 480 (1995) (finding that certain employees in positions that were not within the scope of the GS did not enjoy a Board appeal right under 5 U.S.C. § 5335(c)). It is clear under 5 U.S.C. § 5335(a) that periodic step increases are applicable to employees paid on an annual basis who, among other conditions, occupy "permanent position[s] within the scope of the General Schedule." *Monser*, 67 M.S.P.R. at 479.

---

[4] Although the appellant titled her submission, "Response to Agency Representative's Response to 3/11 IRS dated 3/11/2016," we find that it is more appropriate to describe her submission as a reply to the agency's response. *See* 5 C.F.R. § 1201.114(a)(4).

[5] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[6] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

¶9        In her petition for review, the appellant does not allege that she holds a GS position or deny that she holds a payband position.  Instead, she argues that the Board has jurisdiction because the payband and GS systems are analogous.  PFR File, Tab 1.  We find her argument is not persuasive because she has not shown that the administrative judge erroneously interpreted 5 U.S.C. § 5335, or identified any law, rule, or regulation granting the Board jurisdiction over her appeal.   Further, we find that the administrative judge correctly noted that employees of the IRS have no right under 5 U.S.C. § 9508(d)(2) to appeal a denial of a periodic step increase under 5 U.S.C. § 5335 to the Board.  ID at 2‑3.

¶10       The appellant next disputes the agency's claim that it awarded her a PBI, and argues that the agency mischaracterized a cost of living increase as a PBI.  PFR File, Tab 1.  However, whether the appellant received a PBI is immaterial to the dispositive jurisdictional issue.   Thus, we decline to discuss this argument further.

¶11       The appellant does not challenge the administrative judge's finding that the Board generally lacks jurisdiction over performance appraisals.  ID at 2; *see Davis v. Department of Defense*, 103 M.S.P.R. 516, ¶ 7 (2006) (finding that the Board lacked jurisdiction over the appellant's direct appeal of a performance appraisal).   However, she alleges that her first- and second-line supervisors signed her performance appraisal after she claimed a hostile work environment.  PFR File, Tab 1.  To the extent she is raising a claim of whistleblower reprisal, she may raise it in a separate individual right of action (IRA) appeal after seeking corrective action from the Office of Special Counsel.  *See* 5 U.S.C. §§ 1214(a)(3), 1221(a); *see also Davis*, 103 M.S.P.R. 516, ¶ 7 (stating that the Board has jurisdiction over whistleblowing claims raised in connection with an otherwise appealable action or, if the action is not otherwise directly appealable to the Board, in an IRA appeal).

¶12       Finally, the appellant argues that the administrative judge erroneously stated that she did not provide a copy of her January 28, 2016 jurisdictional

response to the agency. PFR File, Tab 1; IAF, Tab 11. Even assuming the appellant properly served a copy of the submission on the agency, she has not demonstrated a harmful procedural error because the administrative judge accepted the submission into the record. IAF, Tab 11; *see Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (holding that the administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights). The appellant also alleges that the administrative judge's error is an indication that she did not properly consider her appeal or afford her due process. PFR File, Tab 1. However, the administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Thus, the appellant has failed to articulate a harmful procedural error or due process violation.

¶13     Accordingly, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction.[7]

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[7] The administrative judge added an enforcement section to the initial decision and stated that a settlement agreement had been made part of the record. ID at 3. We vacate this enforcement section because it appears that it was added inadvertently.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                William D. Spencer
                Clerk of the Board

Washington, D.C.